Affirmed and Memorandum Opinion filed September 21, 2010.

In
The

Fourteenth
Court of Appeals



NO. 14-09-00755-CR



Apolinar
Liberato, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 184th District Court

Harris County, Texas

Trial Court
Cause No. 1128288



 

M E M O R A N D U M   O
P I N I O N

Appellant challenges his conviction for capital
murder, contending in a single issue that the trial court erred by denying his request
for an instruction in the jury charge regarding the voluntariness of his
custodial statements.  We affirm.

Factual and Procedural
Background

The complainant, Alejandro Cruz, and two companions
were driving to get something to eat when they stopped to give a ride to a
couple.  They drove to a strip center.  There, two young Hispanic males
approached with guns and demanded money. The complainant was shot and killed. 
After the shooting, the assailants fled the scene in a small, dark, four-door
vehicle.

The following day, an officer with the Houston Police
Department conducted a traffic stop and arrested the driver for driving without
a driver’s license.  Appellant, who was a passenger in the vehicle, was
arrested for public intoxication.  Upon taking a closer look at the vehicle,
the officer noticed a .380 shell casing wedged between the hood and the
windshield.[1] 
Because the vehicle matched a reported description of a vehicle seen leaving
the scene of the Cruz homicide the previous night, the officer notified the
homicide division of the Houston Police Department that he had taken custody of
two possible suspects.  

Appellant was placed in two lineups, and three
witnesses to the homicide identified him as either the “shooter” or the man
with a gun.  Two homicide detectives interviewed appellant after his arrest.  Appellant
gave a custodial statement, recorded on video.  The video shows the detective
reading appellant his Miranda warnings, appellant voluntarily waiving
his rights, and appellant answering questions.  In the video, appellant admits
that he obtained the murder weapon from some men from New Orleans; he describes
the events that led up to the shooting, and states that he took part in the
commission of the offense.  Appellant also tells the detective that during the
offense, he did not use a “real gun,” only a “plastic gun.”  Appellant
demonstrates how he used the “plastic gun” by holding his hand sideways.  

Appellant was charged by indictment with the offense
of capital murder arising from the shooting death of Alejandro Cruz.  Appellant
filed a pretrial motion to suppress his custodial statement.  Specifically,
appellant argued his statements were coerced and involuntarily given in
violation of his rights under the United States and Texas Constitutions and article
38.23 of the Texas Code of Criminal Procedure.  

At the hearing on his motion to suppress, appellant
testified that he was threatened and intimidated by the interviewing officers.  He
stated that the officer threw a book at him and that he did not know he could
ask for an attorney.  Although appellant initially admitted that his statement
was “done voluntarily,” he later testified that his statement was coerced and made
involuntarily.

During his cross-examination at the suppression
hearing appellant testified that when he was arrested for public intoxication, the
arresting officer did not read him his Miranda warnings.  The State
asked appellant if he did not remember this because he was intoxicated, and
appellant denied being intoxicated at the time of the arrest.  Appellant
acknowledged that after being identified in the lineup, he stated “I knew I was
identified, but I wasn’t the one who shot that man.  What’s going to happen to
me?  I want to cooperate and tell you what really happened?”  Appellant
testified that the homicide detectives read him his Miranda warnings
before conducting the interview, that he understood his rights and waived them,
and that he never indicated he wanted to end the interview.  Additionally,
appellant stated that he did not ask to see an attorney because he already knew
his rights.  

The homicide detective who conducted the interview
testified that he did not deprive appellant of food, water, or sleep, was not
physical or intimidating in any way, did not throw a book, and in no way
coerced appellant into testifying.  The detective testified that appellant was
interviewed for three hours but that only the final interview was recorded.      

At the conclusion
of the pre-trial suppression hearing, the trial court stated:

[TRIAL COURT]:  Thank you.  The
Motion to Suppress is denied.  And I will make the following findings for the
record; that is, that the warnings set out in 38.22, Section 2, were given to
the defendant and that he knowingly, intelligently, and voluntarily waived
those rights.  And, specifically, I find that the statement was freely and
voluntarily given.  And, of course, there is… I also make a finding that it was
recorded, both with a tape recorder and the video recorder.  And I note that the
voices were identified on the recording.  Anything else that you request that —
I’m required to make certain findings under Section 6 of 38.22.  Is there
anything else that the State requests I enter into the record?

[PROSECUTOR]:  No, Your Honor.

[DEFENSE COUNSEL]:  Nothing
else, Your Honor.  Judge, may we approach real quick?

[TRIAL COURT]:  Sure.

[TRIAL COURT]:  Mr. Moncriffe,
were you going to want an instruction to the jury on voluntariness, also?

[DEFENSE COUNSEL]:  I will,
Judge.

[TRIAL COURT]:  Okay.  So, when
you request the charge, you ask for a voluntariness.  Actually, we have to wait
and see – 

[DEFENSE COUNSEL]:  If it’s an
issue.

[TRIAL COURT]:  If it’s an
issue, if the client testifies or if it’s raised or not.

[DEFENSE COUNSEL]:  Yes, ma’am.

[TRIAL COURT]:  I have to see how cross goes, I guess.  

At trial appellant entered a plea of “not guilty.”  The
State presented testimony from fifteen witnesses.  Appellant had the opportunity
to cross-examine each witness.  Appellant did not testify or present any
witnesses at trial.  After both sides rested, the following exchange occurred
outside the jury’s presence:

[COURT]:  And are you
requesting anything else?

[DEFENSE COUNSEL]:  Yes,
ma’am.  Felony murder.

[COURT]:  So, we add felony murder...
and then it seems to me that no other lesser.  And I didn’t see the
voluntariness on the confession was raised by any lesser unless you can think
of something.

[DEFENSE COUNSEL]:  I did by
questioning.

[COURT]:  Your questions raised
it?  But the answers I’m supposed to look at — 

[DEFENSE COUNSEL]:  I thought
he slightly – he hesitated a little when I asked the questions about the
coercion; and I think the jury may sort of pick up that there may have been
some psychological –

[COURT]:  So, for psychological
things, you know, aren’t ever going to get in the charge.  

[DEFENSE COUNSEL]:  But we
request it anyway.

[COURT]:  So, you’re requesting
a voluntariness charge on confession?

[DEFENSE COUNSEL]:  Yes, ma’am.

[COURT]:  Unless the State
wants to agree – do you agree?

[PROSECUTOR]:  No, Your Honor.

[COURT]:  That’s denied.

[DEFENSE COUNSEL]:  Okay.  

When the trial court asked the parties for any
objections to the final jury charge, appellant objected on the basis that an
instruction under article 38.23 of the Texas Code of Criminal Procedure was not
included.  The trial court overruled the objection and noted that its ruling
regarding article 38.23 remained the same.  

The jury found appellant guilty of capital murder, as
charged in the indictment.  The trial court sentenced appellant to life imprisonment
in the Texas Department of Criminal Justice.  Appellant now challenges his
conviction, raising a single issue.

Issue and Analysis

Appellant claims the trial court reversibly erred by not
including a jury instruction pursuant to section 6 of article 38.22 of the
Texas Code of Criminal Procedure as to the voluntariness of appellant’s
recorded statement.  Appellant points to his motion to suppress in which he
claims his statements “were involuntary and were coerced and enticed.” 
Additionally, appellant points to his cross-examination questions and objection
to the jury charge on article 38.23 grounds as raising a fact issue concerning
the voluntariness of his statements to the detectives, and asserts this as
grounds warranting a jury instruction under section 6 of article 38.22 of the
Texas Code of Criminal Procedure.  

A trial judge has the absolute duty to sua sponte
prepare a jury charge that accurately sets out the law applicable to the case.  Oursbourn
v. State, 259 S.W.3d 159, 179–81 (Tex. Crim. App. 2008); see Tex. Code Crim. Proc. Ann. art. 36.14
(Vernon 2007).  When statutes such as articles 38.22 and 38.23 require an
instruction under certain circumstances, that instruction is “law applicable to
the case,” and the trial court must instruct the jury regarding what is
required under the statute. Oursbourn, 259 S.W.3d at 180–81.  Although a
“voluntariness” issue must be raised, an accused should request a jury
instruction that relates to the theory of involuntariness; if the accused fails
to present a proposed jury instruction or fails to object to the lack of one,
any potential error in the charge is reviewed for egregious harm, as set forth
in Almanza.  Id.
at 174; see Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984),
overruled on other grounds by Rodriquez v. State, 758 S.W.2d 787, 788
(Tex. Crim. App. 1988).

Article 38.22, section 6 of the Texas Code of
Criminal Procedure governs the admissibility of an accused’s custodial and
non-custodial statements and provides that only voluntary statements may be
admitted. Tex. Code Crim. Proc. Ann.
art. 38.22, § 6 (Vernon 2005); see Oursbourn, 259 S.W.3d at 171.  A
claim under section 6 that an accused’s statement was involuntarily made may
include situations involving police overreaching, youth, intoxication, illness
or medication, mental incapacitation, or other disabilities.  See Oursbourn,
259 S.W.3d at 172–73.  Although these fact scenarios alone are usually not
enough to render a statement inadmissible under article 38.22, they are factors
a jury is entitled to consider when furnished with a proper instruction.  Id.
at 173.

An article 38.22, section 6 instruction becomes “law
applicable to the case” only if the parties actually litigate an article 38.22,
section 6 voluntariness issue.  Id. at 175; Aldaba v. State,
No. 14-08-00417-CR, —S.W.3d—,—, 2009 WL 1057685, at *3 (Tex. App.—Houston [14th
Dist.] Apr. 16, 2009, pet. ref’d).  This rule ensures the trial judge is on notice that the instruction is
required.  Oursbourn, 259 S.W.3d at 176.  A question of voluntariness is raised when a
party notifies the trial judge or the trial judge raises the issue on her own.  Id. at 175.  Under article
38.22, section 6, if a question is raised, the trial judge is then required to
(1) make an independent determination outside of the jury’s presence that the
statement was made under “voluntary” conditions, and (2) instruct the jurors
that they shall not consider any statement for any purpose unless they believe
beyond a reasonable doubt that the statement was made voluntarily.  Id.
at 180–81; see Tex. Code Crim.
Proc. Ann. art. 38.22, § 6.

Although appellant repeatedly referred to article 38.23
in his motion to suppress, neither at the suppression hearing nor at the charge
conference did appellant cite article 38.22, section 6 or address the language
of the statute as the basis for his voluntariness request.  C.f. Vasquez v.
State, 225 S.W.3d 541, 543–44 (Tex. Crim. App. 2007) (holding although
appellant did not cite specific statute as basis for this request, he
paraphrased the statutory language provided in article 38.22, section 6, and therefore,
section 6 was litigated to the trial court).  Appellant did not urge any objection
based on article 38.22, section 6 as grounds for a jury instruction.  An
appeals court may not overturn a trial court’s decision on a legal theory not
presented to the trial court.  See id. (resolving issue of whether
appellant specifically raised or objected to article 38.22, section 6 of the
Texas Code of Criminal Procedure).  

The issue of voluntariness should be submitted to the
jury under article 38.22, section 6 if, based on the evidence presented at
trial, a reasonable jury could find that the statement was not voluntary.  Id.
at 545.  But in the case under review, such a question of voluntariness was not
raised by the evidence or litigated by the parties.  See Oursbourn,
259 S.W.3d at 175–76 (holding that section 6 becomes “law applicable to a case”
once a question is raised and actually litigated as to the general
voluntariness of an accused’s statement).  Notably, appellant did not testify
at trial or offer testimony from any witnesses, nor did he offer argument in
support of this theory.  Appellant relies on his cross-examination of the
detective, arguing that this witness slightly hesitated when appellant’s
counsel asked the question about coercion, and appellant’s counsel thought the
jury may have picked up on that.  See Aldaba, 2009 WL 1057685, at *3
(holding nothing in the cross-examination suggested that appellant’s statements
to the homicide detectives were made involuntarily as contemplated by section
6).  Under article 38.22, section 6, there is no error in refusing to include a
jury instruction when there is no evidence before the jury to raise the issue. 
Vasquez, 225 S.W.3d at 545.  On appeal, appellant claims, for the first
time, that article 38.22, section 6 involuntariness was implicated by evidence
indicating that at the time of his statement (1) appellant was intoxicated; (2)
appellant was only twenty-two years old; (3) appellant’s parents and friends
were not allowed into the interview room; (4) appellant endured prolonged
interrogation of almost three hours; and (5) the detectives recorded only
appellant’s final statement.  

The issues of voluntariness under article 38.22,
section 6 were not raised or litigated because appellant did not offer any
evidence at trial to raise a voluntariness issue.  See Oursbourn,
259 S.W.3d at 174 (stating that evidence must raise a “voluntariness” issue,
and defendant should request jury instruction that relates to his theory of
involuntariness).  The record contains no evidence to suggest that appellant
could not have confessed knowingly or voluntarily due to his intoxication.  See
Jones v. State, 944 S.W.2d 642, 651 (Tex. Crim. App. 1996) (holding the
trial court did not err in admitting appellant’s confession because appellant
presented no evidence as to whether his alleged intoxication rendered him
incapable of making a voluntary decision).  Additionally, at the pretrial
hearing, appellant stated he was not intoxicated and understood his rights.  See
Nichols v. State, 754 S.W.2d 185, 190 (Tex. Crim. App. 1988) (stating that
there is no coercion where appellant testified that he knew what he was doing
but would not have been so easily persuaded had he not been intoxicated), overruled
on other grounds by Harris v. State, 784 S.W.2d 5, 18–19 (Tex. Crim. App.
1989).  

Appellant did not present any evidence before the
jury to indicate his age had any effect upon his ability to understand his
rights, waive his rights, and voluntarily make a statement.  See Martinez v.
State, 131 S.W.3d 22, 35 (Tex. App.—San Antonio 2003, no pet.) (stating the
mere fact that appellant is a juvenile, uneducated, and illiterate does not mean
he cannot voluntarily give a confession).  No evidence was offered to indicate
appellant, who was not a youth but a young adult, requested the presence of
parents or friends or that the absence of parents or friends had any effect upon
his ability to understand his rights, waive his rights, or voluntarily make a
statement.  See Mason v. State, 116 S.W.3d 248, 263 (Tex. App.—Houston
[14th Dist.] 2003, pet. ref’d) (holding that evidence did not support
defendant’s contention that he was denied access to his father where defendant
never once asked to speak with his father); see also Cammon v. State,
672 S.W.2d 845, 849 (Tex. App.—Corpus
Christi 1984, no writ) (noting that defendant was questioned without an attorney or family member present does not
show that the statement was involuntary since it does not appear from the
record that the defendant had requested either).  There was no evidence before
the jury that would indicate the recording of appellant’s last statement after
three interviews over a three-hour period had any effect upon appellant’s
ability to understand his rights, waive his rights, or voluntarily make a
statement.  See Cammon, 672 S.W.2d at 849
(stating four-hour-long custody is “not such a lengthy period of time as to
suggest coerciveness”).  Additionally, appellant did not present any evidence
to the jury to demonstrate how recording only the last statement could render
his statement involuntary.  See Oursbourn, 259 S.W.3d at 176 (concluding
that an article 38.22, section 6 instruction is warranted only when some
evidence is presented to the jury that defendant’s confession was not given
voluntarily).  Appellant did not present any evidence at trial to show police
overreaching or suggest that his statements to detectives were given under the duress
of hallucinations, illness, medications, or a private threat.  See Oursbourn,
259 S.W.3d at 172; see also Aldaba, 2009 WL 1057685, at *3.  Thus, we
conclude the parties did not litigate involuntariness under article 38.22,
section 6 or place before the jury evidence that would necessitate an article
38.22, section 6 instruction.  

 

 

Conclusion

The issue of voluntariness under article 38.22,
section 6 was not raised or litigated.  Thus, no jury instruction was warranted. 
See Aldaba, 2009 WL 1057685, at *3.    We conclude the trial
court did not err by failing to submit a jury instruction pursuant to article
38.22, section 6.  Finding no merit in appellant’s argument, we overrule
appellant’s sole appellate issue and affirm the trial court’s judgment.    

 

                                                                                    

                                                                        /s/        Kem
Thompson Frost

                                                                                    Justice

 

Panel consists of
Justices Anderson, Frost, and Seymore.

 

Do Not Publish — Tex. R. App. P. 47.2(b).

 

 

 

 

 

 

 









[1] The .380
shell casing was later identified as a direct match to the three found at the
murder scene.