# NO. 12-16-00266-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *BILLY JOHN MASON,* *APPELLANT* | § | *APPEAL FROM THE 145TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *NACOGDOCHES COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Billy John Mason appeals his conviction for the felony offense of retaliation. In two issues, he argues that the trial court erred by denying his motion to suppress and failing to instruct the jury on the voluntariness of his statements. We reverse and remand.

## BACKGROUND

On May 21, 2016, Appellant was taken by ambulance to Nacogdoches Memorial Hospital. Sergeant Roy Mobley, with the Nacogdoches County Sheriff's Office, was working as a security officer at the hospital. Sergeant Mobley eventually arrested Appellant for public intoxication. While in custody, Appellant made statements to Sergeant Mobley which formed the basis for the retaliation charge for which Appellant was convicted.

Prior to trial, Appellant filed a motion to suppress the statements he made to Sergeant Mobley. The State and Appellant agreed for the motion to be heard by submission and attached a copy of Mobley's patrol car audio and video recordings which contained Appellant's statements. The trial court signed a written order denying the motion to suppress, finding that the "discussion between the Defendant and the officer making the request was initiated by the Defendant…and therefore his statements to the officer were not the result of a custodial interrogation."

At trial, Sergeant Mobley testified that Appellant was belligerent and using profanity when he arrived at the emergency room. Appellant was uncooperative with the hospital staff who were trying to assess his condition. Mobley noted that Appellant's speech was slurred, his eyes were bloodshot and glassy, and he smelled of alcohol. Mobley, who was dressed in his patrol uniform, asked Appellant to cooperate with the staff, and Appellant asked if he was there to arrest him, to which Mobley replied "no." Mobley told Appellant that he merely wanted him to cooperate with the hospital staff.

Mobley testified that Appellant became aggressive with one of the emergency medical technicians by balling his fists up into a "fighting posture." After approximately ten to fifteen minutes of the hospital staff trying to obtain Appellant's cooperation for a medical assessment, hospital personnel notified Mobley that they were unable to assess Appellant due to his behavior. Mobley gave Appellant one final warning to calm down, which Appellant ignored, leading Mobley to place Appellant under arrest for public intoxication. Mobley placed Appellant in handcuffs, collected his belongings, and took him to his patrol vehicle. Mobley testified he did not read Appellant his statutory warnings because he did not intend to question him. Mobley's patrol car audio and video recordings were admitted into evidence. Mobley also testified regarding the statements Appellant made while in the back of the patrol vehicle.

The recording begins when Appellant is placed in the back of the patrol vehicle and Sergeant Mobley is outside the patrol vehicle. Appellant asks Mobley if he has "a good boxing game" and then states that he has "a real good boxing game" to which Mobley replies "are you threatening to assault me, sir?" Appellant responds that Mobley is "making up trash." While in the back of the vehicle, Appellant made numerous derogatory and offensive statements to Mobley. At one point, he told Mobley "I'm going to get you boy, I've got a lawyer so bad, that it'll take your life away, son."

Mobley did not respond to Appellant's statements except when Appellant says that his handcuffs are too tight and when Appellant asks why he is being taken to jail and then demands to be taken to jail. Mobley told Appellant that he checked the handcuffs and they fit properly, he is being taken to jail for public intoxication, and they are on their way to the jail. Appellant made further derogatory statements to Mobley, including "if I ever see you again friend, you better have a good life." Mobley asked, "Why's that, sir?" In response, Appellant angrily told Mobley to "shut up", which he repeated several times while calling Mobley names. He then told

2

Mobley that he will "make him stop breathing." Mobley asked, "[H]ow do you propose to do that?" and Appellant again told Mobley to "shut up", made a reference to "Vietnam," and told Mobley, "I'm going to end your breathing." Shortly thereafter, they arrived at the jail.

At the close of evidence, Appellant requested a jury instruction on the voluntariness of his statements pursuant to Article 38.22, section 6 of the code of criminal procedure. The State opposed the instruction and the trial court denied the request. In making its ruling, the trial court stated that "the instruction required under section 6 comes into play only if there is a custodial interrogation…and since I have found already…that this was not a custodial interrogation…specifically that the threats were made [] before the questions by Officer Mobley…therefore, I'm going to deny the request." Appellant was found guilty by the jury and sentenced to imprisonment of forty years.[1] This appeal followed.

## TRIAL COURT'S DENIAL OF MOTION TO SUPPRESS

In Appellant's first issue, he argues that the trial court erred by denying his motion to suppress. Appellant argues that his statements to Sergeant Mobley were the result of a custodial interrogation conducted without the warnings required by Article 38.22 of the code of criminal procedure and *Miranda v. Arizona*.[2]

**Standard of Review**

When reviewing claims concerning the admission of statements made as the result of custodial interrogation, we conduct the bifurcated review articulated in *Guzman v. State*, 955 S.W.2d 85 (Tex. Crim. App. 1997). *See Pecina v. State*, 361 S.W.3d 68, 78–79 (Tex. Crim. App. 2012); *see also Guzman*, 955 S.W.2d at 89. We measure the propriety of the trial court's ruling with respect to alleged violations under the totality of the circumstances, almost wholly deferring to the trial court on questions of historical fact and credibility, but reviewing de novo all questions of law and mixed questions of law and fact that do not turn on credibility determinations. *See Leza v. State*, 351 S.W.3d 344, 349 (Tex. Crim. App. 2011). We afford almost total deference to the trial court's determination of historical facts and mixed questions of law and fact that turn on the evaluation of credibility and demeanor. *Guzman*, 955 S.W.2d at 89.

---

[1] During the punishment phase of his trial, Appellant pleaded "true" to having previously been convicted of two sequential felony offenses, enhancing his punishment range to no less than twenty-five years to life imprisonment.

[2] The State did not file a brief on appeal.

Questions of law and mixed questions of law and fact not turning on credibility are reviewed de novo. *Id.*

**Applicable Law**

Under Texas Code of Criminal Procedure, Article 38.21, "[a] statement of an accused may be used in evidence against him if it appears that the same was freely and voluntarily made without compulsion[.]" TEX. CODE CRIM. PROC. ANN. art. 38.21 (West 2005); *Oursbourn v. State*, 259 S.W.3d 159, 169 (Tex. Crim. App. 2008). A defendant may claim that his statement was not freely and voluntarily made and, thus, may not be used as evidence against him because, among other theories, the statement was obtained in violation of *Miranda v. Arizona*[3] as expanded in the Texas Confession Statute. *See Oursbourn*, 259 S.W.3d at 169; *see also* TEX. CODE CRIM. PROC. ANN. art. 38.22 §§ 2, 3 (West Supp. 2017). Under *Miranda*, the prosecution may not use statements, whether exculpatory or inculpatory, stemming from the custodial interrogation of a defendant unless it demonstrates use of procedural safeguards effective to secure the privilege against self-incrimination. 384 U.S. 436, 444, 86 S. Ct. 1602, 1612. The procedural safeguards to be employed must inform the accused of the right to silence and to assure a continuous opportunity to exercise it, the person must, before any questioning, be warned that he has right to remain silent, that any statement he makes may be used as evidence against him, and that he has a right to the presence of attorney, retained or appointed. *Id.*

Pursuant to Article 38.22, section 3, no oral statement made by an accused as a result of custodial interrogation is admissible as evidence against him in any criminal proceeding unless an electronic recording is made of the statement, and prior to making the statement but during the recording the accused is given the following warnings:

> (1) he has the right to remain silent and not make any statement at all and that any statement he makes may be used against him at his trial;
> (2) any statement he makes may be used as evidence against him in court;
> (3) he has the right to have a lawyer present to advise him prior to and during any questioning;
> (4) if he is unable to employ a lawyer, he has the right to have a lawyer appointed to advise him prior to and during any questioning;
> (5) he has the right to terminate the interview at any time; and
>
> …the accused … knowingly, intelligently, and voluntarily waived the rights set out in the warning[.]

---

[3] 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

*See* TEX. CODE CRIM. PROC. ANN. art. 38.22 § 2(a)(1)-(5), (b), 3(a).

A custodial interrogation is questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way. ***Allen v. State***, 479 S.W.3d 341, 348 (Tex. App.—El Paso 2015, no pet.); *see also **Miranda***, 384 U.S. at 444, 86 S. Ct. at 1612; ***Bass v. State***, 723 S.W.2d 687, 690-91 (Tex. Crim. App. 1986) ("custodial interrogation" as used in Article 38.22 was intended to be construed consistently with its meaning under the Fifth Amendment of the United States Constitution). Under ***Miranda***, interrogation refers not only to express questioning, but also to any words or actions on the part of the police, other than those normally attendant to arrest and custody, that the police should know are likely to elicit an incriminating response. ***O'Neal v. State***, 999 S.W.2d 826, 829 (Tex. App.—Tyler 1999, no pet.) (quoting ***Rhode Island v. Innis***, 446 U.S. 291, 301, 100 S. Ct. 1682, 1689-90, 64 L. Ed. 2d 297 (1980)). An incriminating response refers to any response—whether inculpatory or exculpatory—that the prosecution may seek to introduce at trial. ***O'Neal***, 999 S.W.2d at 829. Any practice that the police should know is reasonably likely to evoke an incriminating response from a suspect amounts to interrogation. ***Id.***

**Error**

As previously stated, the parties agreed for the court to decide Appellant's motion to suppress without an oral hearing. The parties signed the following stipulation:

> (1) The arrest of defendant forming the basis of this case was a warrantless arrest,
> (2) The original arrest was for public intoxication,
> (3) The original arrest took place in a non-public area,
> (4) The Defendant was not provided with warnings under either ***Miranda*** or Sec. [sic] 38.22 of the Texas Code of Criminal Procedure at any time relevant to these proceedings,
> (5) Although the original arrest for public intoxication may have been without legal justification, its legality is irrelevant when considering the commission of a new offense while in custody[.] Although, the original arrest for public intoxication [may have been] without legal justification, [it] can be a factor in the voluntariness of any statements made by Defendant.

Accordingly, the trial court decided the motion to suppress by submission and no oral hearing with live testimony was held. The record indicates the trial court received a copy of Sergeant Mobley's audio and video recordings from the arrest. Under these circumstances, we conduct a de novo review of the trial court's ruling because the trial court was not required to decide any fact questions based on the credibility or demeanor of witnesses. *See **Leza***, 351 S.W.3d at 349

(all questions of law and mixed questions of law and fact that do not turn on credibility determinations are reviewed de novo).

When denying Appellant's motion to suppress, the trial court stated in its written order that "the discussion between the Defendant and the officer making the request was initiated by the Defendant and therefore his statements were not the result of an interrogation." We disagree.

As evidenced by the parties' stipulation, it is undisputed that Sergeant Mobley did not read Appellant the requisite Article 38.22 warnings or the warnings detailed in *Miranda*. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22 § 2(a)(1)-(5), 3(a)(2); *see also Miranda*, 384 U.S. 436, 444, 86 S.Ct. 1602, 1612. It is further undisputed that Appellant was in custody for public intoxication at the time he made the statements that led to and formed the basis of the retaliation charge. *See Dowthitt v. State*, 931 S.W.2d 244, 254 (Tex. Crim. App. 1996) (a person is in custody only if, under the circumstances, a reasonable person would believe that his freedom of movement was restrained to the degree associated with a formal arrest).

While Appellant was in custody, Sergeant Mobley expressly questioned Appellant regarding the threatening and incriminating statements he made towards Mobley. *See O'Neal*, 999 S.W.2d at 829. The video begins with Appellant sitting in the back of the patrol vehicle yelling at Mobley. After Appellant asks Mobley if he has "a good boxing game" and states that he "has a real good boxing game[,]" without first giving Appellant the required warnings, Mobley asked, "are you threatening to assault me, sir?" It is at this time that the custodial interrogation began. *See Miranda*, 384 U.S. at 444, 86 S. Ct. at 1612 ("By custodial interrogation, we mean questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way[]"); *see also O'Neal*, 999 S.W.2d at 829.

At this point, Appellant accused Mobley of "making up trash." On the way to the jail, Appellant continued verbally abusing Mobley, stating at one point that "you are lucky I haven't kicked your 'bitchass' yet." When he later stated that "if I ever see you [Mobley] again friend, you better have a good life," Mobley asked, "Why is that, sir?" Appellant stated, "You better shut your [expletive] mouth while you still got life and breath in them, I'll make you stop breathing, punk." Mobley asked, "You will?" Appellant proceeded to curse Mobley and told him to "shut up, punk." Mobley asked, "How do you propose to do that, sir?" Appellant again told Mobley to "shut up" and claimed to "teach him how Vietnam came down." Mobley replied,

6

"Ok." Appellant continued berating Mobley and threatened to "end your breathing." Mobley asked "Sir, are you saying you're going to hurt me?" Appellant responded, using vulgar language, that he would make Mobley perform a sexual act. Mobley replied that he was "going to have to add another charge to you."

While it is true that statements volunteered by suspects in custody are not subject to *Miranda*, this does not obviate the need for an officer to warn a suspect before questioning him. *See Walker v. State*, 470 S.W.2d 669, 671 (Tex. Crim. App. 1971) (requirements of *Miranda* were not applicable to implicating statements allegedly made by defendant at time she discarded a marijuana cigarette in presence of police officer, where statements were not made in response to custodial interrogation or questioning but were volunteered statements); *see also* TEX. CODE CRIM. PROC. ANN. art. 38.22 § 5 (Article 38.22 does not preclude a statement that is the res gestae of the arrest or of the offense, or of a statement that does not stem from custodial interrogation).[4] In this case, Mobley expressly questioned Appellant regarding his incriminating and threatening statements without first warning Appellant of his rights. Given Appellant's behavior and intoxicated condition, Mobley should have known his questions were likely to elicit an incriminating response. *See O'Neal*, 999 S.W.2d at 829. And as discussed above, Appellant indeed responded by making additional incriminating statements. *See id.* Thus, the record demonstrates that Appellant's statements were made in the course of custodial interrogation or questioning.

Because Sergeant Mobley subjected Appellant to a custodial interrogation without reading Appellant the statutory warnings, and Appellant did not knowingly, intelligently, and voluntarily waive his rights, Appellant's statements could not be used as evidence against him. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22 § 2(a)(1)-(5), (b), 3(a)(2); *Miranda¸* 384 U.S. at 444, 86 S. Ct. at 1612; *see also O'Neal*, 999 S.W.2d at 829; *Allen*, 479 S.W.3d at 348. Thus, the trial court erred in denying Appellant's motion to suppress.

**Harm Analysis**

Faced with constitutional error, we must conduct a harm analysis as outlined in Texas Rule of Appellate Procedure 44.2. *See Clay v. State,* 240 S.W.3d 895, 904 (Tex. Crim. App.

---

[4] Article 38.22 also does not preclude admission of "a voluntary statement, whether or not the result of custodial interrogation, that has a bearing upon the credibility of the accused as a witness, or of any other statement that may be admissible under law." *See* TEX. CODE CRIM. PROC. ANN. art. 38.22 § 5. The record does not indicate that this provision applies to the present case.

2007); ***Hutchison v. State***, 424 S.W.3d 164, 182 (Tex. App.—Texarkana 2014, no pet.); TEX. R. APP. P 44.2(a). In doing so, we must reverse the judgment unless we determine "beyond a reasonable doubt that the error did not contribute to the conviction or punishment." TEX. R. APP. P. 44.2(a); ***Clay***, 240 S.W.3d at 904; ***Hutchison***, 424 S.W.3d at 182. Constitutional error does not contribute to the conviction or punishment if the jury's verdict would have been the same even if the erroneous evidence had not been admitted. ***Clay***, 240 S.W.3d at 904; ***Hutchison***, 424 S.W.3d at 182. Error that has more than a "slight effect" is not, beyond a reasonable doubt, harmless. ***Phillips v. State***, 193 S.W.3d 904, 913 (Tex. Crim. App. 2006). Several nonexclusive factors can be considered when conducting a harm analysis under Rule 44.2(a), including (1) the nature of the error, (2) the extent the error was emphasized by the State, (3) the weight a juror would probably place on the error, and (4) the error's probable collateral consequences. ***Snowden v. State***, 353 S.W.3d 815, 822 (Tex. Crim. App. 2011). When conducting a harm analysis in the context of a ***Miranda*** error, we must "judge the magnitude of the error in light of the evidence as a whole to determine the degree of prejudice to the defendant resulting from that error." ***Jones v. State***, 119 S.W.3d 766, 777 (Tex. Crim. App. 2003) (quoting ***United States v. Polanco***, 93 F.3d 555, 562–63 (9th Cir.1996)).

Appellant was charged with retaliation against Sergeant Mobley by intentionally or knowingly threatening to harm Mobley, i.e., threatening to commit assault and murder against Mobley on account of his service or status as a peace office. *See* TEX. PENAL CODE ANN. § 36.06 (a)(1)(A) (West 2016). The only statements made by Appellant prior to questioning by Sergeant Mobley were whether Mobley had "a good boxing game" and that Appellant "has a real good boxing game." While Article 36.06 does not require that the threat be direct, we cannot conclude that the trial court's error in admitting the statements made by Appellant after Mobley's questioning was harmless beyond a reasonable doubt. *See **Davis v. State***, 890 S.W.2d 489, 491 (Tex. App.—Eastland 1994, no pet.); TEX. R. APP. P. 44.2(a).

The nature of the error is that the statements entered into evidence in violation of Article 38.22 and ***Miranda*** are those that the State relied on when arguing Appellant's guilt for retaliation for threatening to commit assault and murder. *See **Snowden***, 353 S.W.3d at 822 Further, the State emphasized in its closing argument only the statements made by Appellant after Mobley's initial question, "Are you threatening to assault me, sir?" *See **id.*** Appellant's statements following this initial question were extremely inflammatory and offensive and likely

8

to have been weighted heavily by the jurors, resulting in probable collateral consequences, such as the impact on punishment. *See id.*; *see also Hutchison*, 424 S.W.3d at 184. In addition to the statements threatening injury or death, Appellant made crude sexual remarks to Sergeant Mobley, made reference to Mobley's mother in a sexual manner, used vulgar and profane language, and called Mobley an array of offensive names. Appellant's remarks further referenced race and sexuality. Thus, Appellant's comments before questioning began pale in comparison to his subsequent statements.

Judging the magnitude of the error in light of the evidence as a whole, we conclude that the error resulted in a high degree of prejudice to Appellant. *See* TEX. R. APP. P. 44.2(a); *Jones*, 119 S.W.3d at 777. We simply cannot say, beyond a reasonable doubt, that the denial of Appellant's motion to suppress did not contribute to his conviction or punishment or had but slight effect. *See* TEX. R. APP. P. 44.2(a); *see also Phillips*, 193 S.W.3d at 913; *Clay*, 240 S.W.3d at 904; *Hutchison*, 424 S.W.3d at 182. Because the trial court's erroneous denial of Appellant's motion to suppress was not harmless, we sustain Appellant's first issue.


## DENIAL OF JURY INSTRUCTION

In Appellant's second issue, he contends that the trial court erred by not instructing the jury on the voluntariness of his statements.

### Standard of Review and Applicable Law

The review of an alleged jury charge error in a criminal trial is a two–step process. *Abdnor v. State*, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994). First, an appellate court must determine whether there was error in the jury charge. *Id.* Second, if there is charge error, we must determine whether there is sufficient harm to require reversal. *Id.* at 731–32. The standard for determining harm depends on whether the appellant objected to the error at trial. *Id.* at 732.

An error which has been properly preserved by objection will call for reversal as long as the error is not harmless. *Reeves v. State*, 420 S.W.3d 812, 816 (Tex. Crim. App. 2013) (citing *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g), *superseded on other grounds by rule as stated in Rodriguez v. State*, 758 S.W.2d 787, 788 (Tex. Crim. App. 1988)). This analysis requires a reviewing court to consider (1) the jury charge as a whole, (2) the arguments of counsel, (3) the entirety of the evidence, and (4) other relevant factors present in the record. *Reeves*, 420 S.W.3d at 816.

Article 38.22, section 6 governs the admissibility of an accused's custodial and non-custodial statements, and provides that only voluntary statements may be admitted. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22, § 6; *Oursbourn*, 259 S.W.3d at 171; *Aldaba v. State*, 382 S.W.3d 424, 429 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd). Under section 6, a claim that an accused's statement was made involuntarily may include situations involving police overreaching, youth, intoxication, illness or medication, mental incapacitation, or other disabilities. *See Oursbourn*, 259 S.W.3d at 172-173. Though, alone, these fact scenarios are not enough to render a statement inadmissible, they are factors a jury is entitled to consider when armed with a proper instruction. *Id.* at 173.

Article 38.22, section 6, becomes "law applicable to a case" once a question is raised and actually litigated as to the general voluntariness of an accused's statement; however, a factual dispute is not necessary. *See id.* at 175–76, 180. A question of voluntariness is raised when a party notifies the trial judge or the trial judge raises the issue on her own. *Id.* at 175. Under section 6, when a question is raised, the trial judge is required to (1) make an independent determination outside of the jury's presence that the statement was made under "voluntary" conditions, and (2) upon finding as a matter of law and fact that the statement was voluntarily made, shall instruct the jury that unless the jury believes beyond a reasonable doubt that the statement was voluntarily made, the jury shall not consider such statement for any purpose nor any evidence obtained as a result thereof. *Id.* at 180–81; *see* TEX. CODE CRIM. PROC. ANN. art. 38.22, § 6.

**Analysis**

Here, Appellant objected to the charge and specifically requested the trial court instruct the jury on the voluntariness of the statement pursuant to Article 38.22, section 6 of the code of criminal procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22 § 6. The trial court declined to include a voluntariness instruction, stating "since I have found already in the motion to suppress that this was not a custodial interrogation—specifically that the—the threats that were made came before the questions by Officer Mobley[.] [T]herefore, it's not a custodial interrogation[.] [T]herefore, I'm going to deny the request." The trial court's conclusion, however, constitutes error.

The evidence showed that Appellant presented to the emergency room in an agitated and belligerent state. Furthermore, there was evidence that he was intoxicated and in custody at the

time he made the challenged statements, and received no statutory warnings. Appellant notified the trial court that he was requesting the instruction. Thus, the trial court's duties under Article 38.22, section 6 were triggered. *See Oursbourn*, 259 S.W.3d at 180-181. While the trial court essentially found Appellant's statements to be voluntary, Article 38.22 required the trial court to instruct the jurors that they shall not consider any statement for any purpose unless they believe beyond a reasonable doubt that the statement was made voluntarily. *See id.*; *see* TEX. CODE CRIM. PROC. ANN. art. 38.22, § 6. The trial court erred by failing to give the jury the requested Article 38.22, section 6 instruction, as statutorily mandated. *See Oursbourn*, 259 S.W.3d at 180–81; *see* TEX. CODE CRIM. PROC. ANN. art. 38.22, § 6.

Further, this error was not harmless. *Reeves*, 420 S.W.3d at 816. Where there has been a timely objection made at trial, an appellate court will search only for "some harm." *Abnor*, 871 S.W.2d at 732. When, as in this case, the error was preserved, reversal is required if the error was calculated to injure the defendant's rights, meaning there must be *some* harm to the accused caused by the error, i.e., preserved error requires reversal as long as the error is not harmless. *Id*.

Even assuming that Appellant's "boxing game" statements, which preceded Mobley's questions, were sufficient to support the jury's verdict, we are unable to conclude that the trial court's failure to include the Article 38.22, section 6, jury instruction did not cause "some harm." As previously discussed, Appellants' statements for which he sought an instruction were the basis of the retaliation charge and the statements that followed Mobley's questioning were substantially more incriminating and threatening. *See id.* Absent evidence of these inflammatory statements, the jury may not have returned a guilty verdict. Moreover, Appellant's closing argument to the jury centered on the fact that Appellant was intoxicated, angry, and baited by Sergeant Mobley when he made the statements. *See id.* at 732, 738. Under these circumstances, we conclude that the record does not show that the charge error was harmless. *See id.; see also Druery v. State,* 225 S.W.3d 491, 504 (Tex. Crim. App. 2007) ("any harm, regardless of degree, is sufficient to require reversal[]"). We therefore sustain Appellant's second issue.

## DISPOSITION

Having sustained Appellant's first and second issues, we *reverse* the judgment of the trial court and *remand* this case for further proceedings consistent with this opinion.

**GREG NEELEY**
Justice

Opinion delivered January 10, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

12

# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JANUARY 10, 2018

NO. 12-16-00266-CR

**BILLY JOHN MASON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 145th District Court

of Nacogdoches County, Texas (Tr.Ct.No. F1622471)

---

THIS CAUSE came to be heard on the appellate record and the brief filed herein, and the same being considered, because it is the opinion of this court that there was error in the judgment of the court below, it is ORDERED, ADJUDGED and DECREED by this court that the judgment be **reversed** and the cause **remanded** to the trial court **for further proceedings** in accordance with the opinion of this court; and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*