

# NUMBER 13-12-00139-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**JOSE MANUEL SALDIVAR GARCIA,**                              **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                       **Appellee.**

---

### On appeal from the 430th District Court
### of Hidalgo County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Garza, Benavides, and Perkes
### Memorandum Opinion by Justice Perkes

Appellant, Jose Manuel Saldivar Garcia, appeals his conviction of three counts of aggravated sexual assault, a first-degree felony. *See* TEX. PENAL CODE ANN. § 22.021 (West 2011). Appellant pleaded *nolo contendere* and was sentenced to three twenty-year terms (one for each offense), to be served concurrently in the Texas Department of

Criminal Justice, Institutional Division. By his sole issue, appellant argues his counsel provided ineffective assistance by advising him that if he pleaded *nolo contendere,* he would receive no more than five years' confinement. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The record reflects that appellant answered "yes" when the trial court asked if he understood the nature of the charges against him, that he had a conversation with his lawyer about them, and that he understood the possible range of punishment. The record also reflects that appellant answered "yes" when asked if he was satisfied with the legal services provided to him.

## II. STANDARD OF REVIEW

Appellant contends his trial counsel's failure to advise him of the consequences of his plea equated to ineffective assistance of counsel. Both the United States and Texas Constitutions guarantee an accused the right to assistance of counsel. U.S. CONST. amend. VI; TEX. CONST. art. I, § 10; *see also* TEX. CRIM. PROC. CODE ANN. art. 1.051 (West 2010). This right necessarily includes the right to reasonably effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). In order to prove an ineffective assistance of counsel claim, a defendant must show by a preponderance of the evidence that (1) counsel's performance was so deficient that he was not functioning as acceptable counsel under the Sixth Amendment, and (2) there is a reasonable probability that, but for counsel's error or omission, the result of the proceedings would have been different. *Strickland*, 466 U.S. at 687–96; *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). The defendant must overcome the strong presumption that

the challenged action might have been sound trial strategy. *Thompson*, 9 S.W.3d at 813. We will not speculate to find trial counsel ineffective when the record is silent as to counsel's reasoning or strategy. *Godoy v. State*, 122 S.W.3d 315, 322 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd).

When, as in this case, there is no evidentiary record developed at a hearing on a motion for new trial, it is extremely difficult to show that trial counsel's performance was deficient.[1] *See Bone v. State,* 77 S.W.3d 828, 833 (Tex. Crim. App. 2002); *see also Aldaba v. State*, 382 S.W.3d 424, 431 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd). If there is no hearing, or if counsel does not appear at the hearing, an affidavit from trial counsel becomes almost vital to the success of an ineffective-assistance claim. *Stults v. State,* 23 S.W.3d 198, 208–09 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd). The Texas Court of Criminal Appeals has stated that it should be a rare case in which an appellate court finds ineffective assistance on a record that is silent as to counsel's trial strategy. *See Andrews v. State,* 159 S.W.3d 98, 103 (Tex. Crim. App. 2005). On a silent record, this Court can find ineffective assistance of counsel only if the challenged conduct was so outrageous that no competent attorney would have engaged in it. *Goodspeed v. State,* 187 S.W.3d 390, 392 (Tex. Crim. App. 2005).

---

[1] Generally, a post-conviction application for a writ of habeas corpus is a better vehicle than direct appeal for presenting an ineffective-assistance claim. *See* TEX. CRIM. PROC. CODE ANN. art. 11.07(4). (West 2007). "On direct appeal, the record is usually inadequately developed and cannot adequately reflect the failings of trial counsel for an appellate court to fairly evaluate the merits of such a serious allegation." *Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011) (quotation and citations omitted). Unlike other claims rejected on direct appeal, claims of ineffective assistance of counsel rejected due to lack of adequate information may be reconsidered on an application for a writ of habeas corpus. *Id.*

## III.  ANALYSIS

Appellant fails to meet either prong of the *Strickland* test.   The record is devoid of any evidence that supports appellant's factual assertions.   "An appellate court will not speculate about the reasons underlying defense counsel's decisions.   For this reason, it is critical for an accused relying on an ineffective assistance of counsel claim to make the necessary record in the trial court."  *Stults*, 23 S.W.3d at 208.   With respect to the first prong, the record does not support the assertion that counsel's performance was deficient.   In fact, the record supports the opposite assertion, as appellant affirmed that he was satisfied with the performance of counsel and that he had been informed of the possible range of punishment by his counsel and the trial court.   The second prong fails because there is no record evidence[2] that the result at trial would have been any different but for counsel's alleged deficiency.

To succeed on an ineffective-assistance claim, appellant is required to meet his burden of proof under both *Strickland* prongs, or the claim must fail.   "Absent both showings, an appellate court cannot conclude the conviction resulted from a breakdown in the adversarial process that renders the result unreliable."  *Ex parte Menchaca*, 854 S.W.2d 128, 131 (Tex. Crim. App. 1993) (en banc).

---

[2] Appellant attached an affidavit to his brief to substantiate his ineffective assistance claim, wherein he claims that he was instructed to plead *nolo contendere*, so that he would receive five years' incarceration.   The affidavit asserts facts that are not in the appellate record.   As an appellate court, we do not consider facts that are not in the appellate record.   *See* TEX. R. APP. P. 34.1; *see also Pollan v. State,* 612 S.W.2d 594, 596 (Tex. Crim. App. [Panel Op.] 1981).

On November 7, 2012, the State filed a Motion to Strike appellant's brief.   In this motion, the State asked the Court to strike appellant's entire brief because an affidavit was attached that contained facts not included the appellate record.   In light of our decision not to consider the attached affidavit, we deny the State's motion to strike appellant's brief as moot.

We overrule appellant's sole issue on appeal.

## IV.  CONCLUSION

We affirm the trial court's judgment.


GREGORY T. PERKES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
15th day of August, 2013.