**Affirmed as Modified and Memorandum Opinion filed December 16, 2014.**



In The

# Fourteenth Court of Appeals

## NO. 14-13-00832-CR

**WRANDY DEWAYNE LITTLE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 405th District Court
Galveston County, Texas
Trial Court Cause No. 12CR2480**

# M E M O R A N D U M    O P I N I O N

A jury convicted appellant Wrandy Dewayne Little of possession of a controlled substance. The jury found two enhancement paragraphs to be true and sentenced appellant to confinement for 33 years in prison. Appellant filed a timely notice of appeal. We affirm.

In his first two issues, appellant claims ineffective assistance of counsel. In his third issue appellant claims the evidence is insufficient to support the trial

court's order to pay attorney's fees. Finding only the final issue to have merit, we sustain that issue, modify the judgment, and affirm the judgment as modified.

## BACKGROUND

On the night of September 9, 2012, Officers Derr and Sanderson were working the night shift in a patrol unit in Galveston, Texas. Officer Derr was a passenger in Officer Sanderson's patrol car. The officers turned onto 25th Street and observed appellant's car in front of them. Officer Sanderson believed appellant's car was going "a little bit over the speed limit." The officers did not have radar in their car. Officer Derr made a visual estimation of the speed of appellant's vehicle and believed it was traveling "a little faster than . . . the posted speed limit." The officers' car drew closer to appellant's car. Officer Sanderson did not stop appellant at that point, but waited to see if he would observe another traffic violation.

As appellant approached the intersection of 25th Street and Broadway, the light was yellow. Appellant hit his brakes, but then proceeded through the intersection. The officers then stopped appellant for running a red light. Officer Derr testified "[the light] was clearly red when [appellant's vehicle] went through the intersection." Officer Sanderson stated that he believed the vehicle ran a red light. State's Exhibit 1, a video of the traffic stop, was admitted into evidence and played before the jury.

During the traffic stop, the officers smelled marijuana in the car and questioned appellant about the source of the smell of marijuana. Appellant admitted to smoking marijuana. The officers searched appellant due to the smell of the marijuana and appellant's inculpatory statements. Officer Derr searched appellant's person and found the controlled substances that were the basis of his conviction.

2

**INEFFECTIVE-ASSISTANCE ARGUMENT**

Appellant argues trial counsel made two errors: (1) failing to move to suppress the evidence obtained as a result of an illegal stop; and (2) failing to request an instruction pursuant to article 38.23 on the legality of the traffic stop. Tex. Code Crim. Proc. art. 38.23 (West, Westlaw through 2013 3d C.S.). The record reflects trial counsel did move to suppress the evidence obtained, but not on the ground that the stop was illegal. Rather, trial counsel urged the trial court to suppress the evidence on the grounds that appellant was in custody when the police asked if he had anything in his pocket. The trial court denied that motion and in this appeal appellant raises no issue as to that ruling.

When reviewing claims of ineffective assistance of counsel, we apply the standard of review set forth in *Strickland v. Washington*, considering whether trial counsel's performance was deficient and whether this deficient performance deprived the defendant of his right to a fair trial. 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). The *Strickland* standard requires that an appellant prove by a preponderance of the evidence both that (a) his trial counsel's representation fell below an objective standard of prevailing professional norms and (b) there is a reasonable probability that, but for counsel's deficiency, the result of the proceeding would have been different. *Strickland,* 444 U.S. at 690–94. An appellant's failure to satisfy one prong makes it unnecessary for a court to consider the other prong. *Id*. at 697.

Our review of trial counsel's performance is highly deferential, beginning with the strong presumption that the attorney's actions were reasonably professional and were motivated by sound trial strategy. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). In most cases, direct appeal is an

3

inadequate vehicle for raising such a claim because the record is generally undeveloped and cannot adequately reflect the motives behind trial counsel's actions. *Rylander v. State,* 101 S.W.3d 107, 110–11 (Tex. Crim. App. 2003); *Thompson v. State,* 9 S.W.3d 808, 813–14 (Tex. Crim. App. 1999).

When, as in this case, there is no proper evidentiary record developed at a hearing on a motion for new trial,[1] it is extremely difficult to show that trial counsel's performance was deficient. *See Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). If there is no hearing or if counsel does not appear at the hearing, an affidavit from trial counsel becomes almost vital to the success of an ineffective-assistance claim. *Stults v. State*, 23 S.W.3d 198, 208–09 (Tex. App. Houston [14th Dist.] 2000, pet. ref'd). The Court of Criminal Appeals has stated that it should be a rare case in which an appellate court finds ineffective assistance on a record that is silent as to counsel's trial strategy. *See Andrews*, 159 S.W.3d 98, 103 (Tex. Crim. App. 2005). On such a silent record, this court can find ineffective assistance of counsel only if the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Goodspeed*, 187 S.W.3d at 392 (quoting *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)).

A sound trial strategy may be imperfectly executed, but the right to effective assistance of counsel does not entitle a defendant to errorless or perfect counsel. *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006). Instead, we "review the totality of the representation and the circumstances of each case without the benefit of hindsight." *Lopez v. State,* 343 S.W.3d 137, 143 (Tex. Crim. App. 2011) (citing *Robertson*, 187 S.W.3d at 483).

---

[1] There was no motion for new trial filed in this case.

**A. Motion to Suppress**

We cannot say that trial counsel's decision to move for suppression of the evidence on the grounds of custodial interrogation, rather than the legality of the initial stop, was conduct "so outrageous that no competent attorney would have engaged in it." *Goodspeed*, 187 S.W.3d at 392. *See Perez v. State*, 56 S.W.3d 727, 731 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd) (the first *Strickland* prong was not satisfied where record was silent as to why trial counsel objected on constitutional grounds rather than statutory grounds). On this record, which is silent as to counsel's strategy, we conclude that appellant failed to meet his burden of showing that trial counsel's assistance was ineffective. Accordingly, we overrule appellant's first issue. And, as discussed below, we conclude that trial counsel could have reasonably concluded that the officer did have a reasonable suspicion to stop appellant for running a red light and that a motion to suppress on that ground would have been futile.

**B. The Article 38.23 Instruction**

Appellant next argues that trial counsel was deficient for failing to request an article 38.23 instruction based on an allegedly illegal traffic stop.[2] Appellant argues that a review of the video shows appellant's vehicle had entered the

---

[2] Article 38.23 provides:

(a) No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.

Tex. Code Crim. Proc. Ann. art. 38.23 (West, Westlaw through 2013 3d C.S.).

crosswalk before the traffic signal turned red—that appellant did not run a red light. Section 544.007(d) provides that "an operator of a vehicle facing only a steady red signal shall stop at a clearly marked stop line. In the absence of a stop line, the operator shall stop before entering the crosswalk on the near side of the intersection." Tex. Transp. Code §544.007(d) (West, Westlaw through 2013 3d C.S.). Appellant claims that because the video shows he had entered the crosswalk when the light turned red, the traffic stop was illegal.

A routine traffic stop closely resembles an investigative detention. *Berkemer v. McCarty*, 468 U.S. 420, 436–37, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984). "If an officer has a reasonable basis for suspecting that a person has committed a traffic offense, the officer may legally initiate a traffic stop." *Zervos v. State*, 15 S.W.3d 146, 151 (Tex. App.—Texarkana 2000, pet. ref'd). The State was not required to show a traffic offense was actually committed, but only that the officer reasonably believed a violation had occurred. *Tex. Dep't of Pub. Safety v. Fisher*, 56 S.W.3d 159, 163 (Tex. App.—Dallas 2001, no pet.); *accord Garcia v. State*, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001). *See also Cook v. State*, 63 S.W.3d 924, 927 n. 5 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd) (noting that there is no requirement that a traffic regulation is actually violated).

Officer Derr testified that the light was red when appellant entered the intersection. Officer Sanderson stated that he believed the vehicle ran a red light. We have reviewed the video and the intersection has a stop line before the crosswalk. The light turned yellow, appellant hit his brakes, but then proceeded and the light turned red. When watching the video at regular speed, as the officers would have perceived it in real time, it is unclear whether the vehicle entered the intersection before or after the light turned red. The video does not clearly contradict the officer's testimony. *See Montanez v. State*, 195 S.W.3d 101, 109

(Tex. Crim. App. 2006) (to the extent the trier of fact's determination of historical facts is based on a videotape of a traffic stop admitted into evidence, the trier of fact is entitled to deference, but only if those factual determinations are supported by the record); *Carmouche v. State*, 10 S.W.3d 323, 332 (Tex. Crim. App. 2000) (declining to give that almost total deference to factfinder's determination of historical facts because "the videotape present[ed] indisputable visual evidence contradicting essential portions of [the officer's] testimony"). *See also State v. Houghton*, 384 S.W.3d 441, 446 (Tex. App.—Fort Worth 2012, no pet.) (the reviewing court is to give almost total deference to the trier of fact's factual determinations unless the video recording indisputably contradicts those findings).

The record is silent as to why trial counsel failed to request the instruction but the record demonstrates that trial counsel could reasonably have determined the traffic stop was not illegal because it was based upon a reasonable suspicion that appellant ran a red light. It is not ineffective assistance to fail to request a jury instruction when trial counsel reasonably could have determined that the instruction was not applicable to the case. *See Aldaba v. State*, 382 S.W.3d 424, 432 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd). Accordingly, counsel's failure to request a jury instruction on that basis was not a deficiency that rises to the level of ineffective assistance. Because appellant has not established the first prong of *Strickland*, we overrule appellant's second issue.

## ATTORNEY'S FEES

In his third issue, appellant claims the evidence is insufficient to support the trial court's order that he reimburse Galveston County Department of Court Services for attorney's fees. The State agrees and the record reflects appellant was found indigent. The record does not reflect that appellant's financial circumstances materially changed after he was found indigent. *See* Tex. Code Crim. Proc. Art.

7

26.04(p) (West, Westlaw through 2013 3d. C.S.); *see also Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010). Accordingly, we sustain appellant's third issue and modify the judgment to delete the award of attorney's fees.

As modified, the judgment of the trial court is affirmed.

/s/    Tracy Christopher
Justice

Panel consists of Chief Justice Frost and Justices Christopher and Busby.
Do Not Publish — TEX. R. APP. P. 47.2(b).