■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS MORALES, Appellant. — Motion for reconsideration and resettlement granted insofar as to recall and resettle the order of this court entered on August 6, 1981 (83 AD2d 804) and to recall the memorandum decision filed therewith and substitute therefor the following memorandum decision: Judgment, Supreme Court, New York County (Moldow, J.), rendered November 12, 1980, convicting defendant after jury trial of criminal sale of a controlled substance in the first degree, is unanimously reversed, on the law, and the case is remanded for a new trial. The crimes for which defendant was indicted and tried arise out of an alleged sale of cocaine to an undercover police officer in January, 1978. Free on bail, defendant absented himself from trial after jury selection but before opening statements by the attorneys. The entire trial was conducted *in absentia*, after the Trial Judge determined, in a hearing out of the jury's presence, that defendant's absence was voluntary. As trial presentations were about to commence, the Trial Judge explained to the jury that defendant was absent for "unexplained and unexcused" reasons which he would go into later in the trial. These remarks were delivered over defense counsel's objections and request for mistrial. The Trial Judge thereupon permitted the prosecutor in summation to refer to defendant's flight and the jury's drawing of an inference of "consciousness of guilt" therefrom. In his charge to the jury, the Trial Judge returned to this theme of unexplained and unexcused absence, instructing the jury that they had "the right to infer from these events that the defendant is engaged in flight from prosecution on the charges contained in this indictment", and that such flight could be "interpreted as evidence of consciousness of guilt". Defense counsel again objected, notwithstanding the Trial Judge's caution that evidence of flight can only be used for the limited purpose of buttressing other evidence in the case. Defendant correctly asserts that the Trial Judge's highlighting of his absence during trial shifted the focus of the jury's attention from the issue of guilt or innocence to a question of whether defendant's absence should be taken as an indication of guilt. Such emphasis on defendant's absence denied defendant a fair trial. Defense counsel properly requested the Trial Judge to instruct the jury that it should not draw inferences

from defendant's failure to testify. The Trial Judge declined to deliver such an instruction on the ground that such a charge would divert the issue from defendant's absence from trial to his constitutional right not to take the witness stand. However well meaning was the Trial Judge's denial of this requested charge, defendant's privilege not to testify gave him an absolute right to have the jury instructed that no adverse inference could be drawn from his failure to testify *(Carter v Kentucky,* 450 US 288; *People v Vereen,* 45 NY2d 856; CPL 300.10, subd 2). The fact that defendant was absent from the very outset of the trial did not alter his right to have no inference drawn from his failure to take the stand. Resettled order signed and filed. Concur — Birns, J. P., Ross, Markewich and Fein, JJ.