Alejandro Robles **VASQUEZ**, Appellant,

v.

**STATE of Texas**, Appellee.

No. 13–83–332–CR.

Court of Appeals of Texas, Corpus Christi.

Nov. 1, 1984.

A.G. Betancourt, Brownsville, for appellant.

Reynaldo Cantu, Jr., Dist. Atty., Brownsville, for appellee.

Before NYE, C.J., and KENNEDY and SEERDEN, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from a conviction for aggravated robbery. Trial was to a jury, which assessed punishment at fifteen years in the Texas Department of Corrections.

In the first of two points of error appellant raises on appeal, he asserts that it was reversible error on the part of the trial court not to charge the jury on the law applicable to his failure to testify.

First, we note that the appellant was not present during the last part of the trial of his case. The record reflects that the case was set for trial on November 9, 1981, and the jury selected. The appellant was present and pled not guilty at that time. The case was reset on the State's motion for continuance to November 23, 1981, at which time the appellant did not appear. The case was reset until December 1, 1981. Appellant did not appear on this date. The trial court, at this time, found that appellant had voluntarily absented himself, and the case was tried in his absence. When a defendant voluntarily absents himself after pleading to the indictment, or after the jury has been selected, the trial may proceed to its conclusion. TEX.CODE CRIM.PROC. ANN. art. 33.03 (Vernon Supp.1984); *Gon-*

*zales v. State,* 515 S.W.2d 920 (Tex.Crim. App.1974). No argument is raised on appeal regarding whether the appellant's absence was voluntary. The trial court acted properly in proceeding to trial.

Appellant's counsel requested instructions on appellant's failure to testify at both the guilt/innocence and penalty stages of trial.

At the guilt stage, the following discourse between appellant's attorney and the trial court took place:

THE COURT: Okay. Your requested charge on accomplice will be denied. You want failure to testify?

MR. BETANCOURT: Yes.

THE COURT: Well, I'll give it to you. The trial judge indicated that he was going to give the jury the charge on failure to testify. He later denied the requested charges. It is unclear from the record if the charge on appellant's failure to testify is one of the charges the trial court denied. However, no instruction appears in the charge to the jury before us. We presume that the trial court denied the requested charge.

At the penalty stage of the trial, the appellant's attorney again objected to the charge and requested the court to instruct the jury not to consider the appellant's failure to testify and not to consider the absence of the defendant during their deliberations. The court denied the request. We find that appellant preserved, by request and objection, any error on the part of the trial court in refusing to submit an instruction on appellant's failure to testify.

 Here, we are faced with the dilemma of whether a voluntarily absent appellant is entitled to an instruction on his failure to testify. Where a request is made to the trial court to add to its charge at the punishment stage of the trial an instruction on the failure of the defendant to testify,

or an objection is made to the omission of such charge, such error is reversible. *Moss v. State,* 632 S.W.2d 344 (Tex.Crim.App. 1982); *Brown v. State,* 617 S.W.2d 234 (Tex.Crim.App.1981); *Blevins v. State,* 672 S.W.2d 828 (Tex.App.—Corpus Christi 1984, no pet.) (opinion on motion for rehearing). The same is true when a proper request is made by the appellant at the guilt stage of trial and such request is refused by the trial court. *See Carter v. Kentucky,* 450 U.S. 288, 101 S.Ct. 1112, 67 L.Ed.2d 241 (1981). A seemingly conflicting consideration arises in this case because the appellant was absent voluntarily, and the voluntary absence of a defendant at trial may be commented upon to the jury ·by the trial court in certain circumstances. *See Zambrano v. State,* 478 S.W.2d 500 (Tex.Crim.App.1972). However, the jury may not infer guilt on account of a defendant's voluntary absence.[1]

The inclusion of the privilege against compulsory self-incrimination in the fifth amendment reflects the aspirations of the unwillingness of courts to subject those accused of crimes to self-accusation, perjury and contempt. *Carter v. Kentucky,* 450 U.S. 288, 298, 101 S.Ct. 1112, 1118, 67 L.Ed.2d 241, 250 (1981). Absent an instruction on the failure to testify, a jury will likely notice that a defendant does not testify and possibly speculate guilt from his silence. The underlying philosophy of requiring such an instruction when requested appears to be to reduce speculation as to why a defendant sits mute before the jury in the face of accusation.

 We believe that, in this case, the trial court was at liberty to make its finding that the defendant was voluntarily absent and proceed to trial without him. Otherwise, the processes of law become paralyzed, and a defendant is allowed to benefit from his own wrongdoing. However, we

---

1. In *Taylor v. United States,* 414 U.S. 17, 94 S.Ct. 194, 38 L.Ed.2d 174 (1973), the United States Supreme Court found that a voluntarily absent defendant had waived his right to testify and personally confront the witnesses against him. The Supreme Court pointed out that, in that case, the trial court admonished the jury throughout the trial that no inference of guilt could be drawn from the defendant's absence. The Court, however, did not discuss the propriety of the instruction.

also believe that where a defendant voluntarily absents himself, the court should proceed with the trial in like manner and with like effect *as if he were present.* *See Diaz v. United States,* 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500 (1912). In the case at bar, the appellant, if he had been present, would have been entitled to an instruction on his failure to testify both at the guilt/innocence and penalty stages of trial. *Carter v. Kentucky, Moss v. State, Brown v. State.* We find that he was similarly entitled to these instruction in his absence, and it was reversible error on the part of the trial court not to give them. *Carter v. Kentucky,* 450 U.S. at 303, 101 S.Ct. at 1120, 67 L.Ed.2d at 253; *Bruno v. United States,* 308 U.S. 287, 60 S.Ct. 198, 84 L.Ed. 257 (1939). *See People v. Morales,* 83 A.D.2d 804, 441 N.Y.S.2d 686 (1981). Appellant's first ground of error is sustained.

■ In appellant's second ground of error, he asserts that the verdict and judgment rendered are erroneous because appellant was not arraigned before the jury. TEX.CODE CRIM.PROC.ANN. art. 36.-01(1) and (2) provide:

1) The indictment or information shall be read to the jury by the attorney prosecuting. When prior convictions are alleged for purposes of enhancement only and are not jurisdictional, that portion of the indictment or information reciting such convictions shall not be read until the hearing on punishment is held as provided in Art. 37.07.

2) The special pleas, if any, shall be read by the defendant's counsel, and if the plea of not guilty is also relied upon; it shall also be stated.

Until the indictment is read and a plea is entered, the issue is not joined between the State and the accused before the jury. *Peltier v. State,* 626 S.W.2d 30 (Tex.Crim.App. 1981). This provision has been construed by the courts as mandatory, but, waiver of the provision may be established. *See Peltier v. State,* 626 S.W.2d at 31.

On appeal, we also follow the presumptions set forth in TEX.CODE CRIM.PROC. ANN. art. 44.24(a) which states:

The courts of appeals and the Court of Criminal Appeals shall presume ... that the defendant was arraigned; that he pleaded to the indictment or other charging instrument ..., unless such matters were made an issue in the court below, or otherwise affirmatively appears to the contrary from the record.

The record reflects, through a statement made by appellant's counsel, that the jury was selected and sworn in. He then stated: "The announcement was made of a plea of not guilty by the defendant, and the jury was advised to be here at nine o'clock this morning to begin testimony on the part of the state." The judgment also affirmatively shows that the defendant was duly arraigned and pleaded not guilty. The record does not affirmatively show that appellant was not properly arraigned or allowed to plead to the indictment. We also note nothing in the record to show that these omissions if, in fact, they were omitted, were brought to the attention of the trial court. We will presume that appellant was arraigned and pleaded not guilty to the indictment. *Boening v. State,* 422 S.W.2d 469 (Tex.Crim.App.1967); *Garcia v. State,* 629 S.W.2d 196 (Tex.App.—Corpus Christi 1982, pet. ref'd). Appellant's second ground of error is overruled. The judgment of the trial court is reversed and the cause remanded to the trial court.