■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICHOLAS ONDRIZEK, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Chetta, J.), rendered November 1, 1985, convicting him of murder in the second degree (two counts), robbery in the first degree (two counts), and conspiracy in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was for the suppression of his statements to law enforcement authorities.

Ordered that the judgment is affirmed.

The hearing court properly denied the defendant's motion to suppress his confessions to a police detective and an Assistant

District Attorney. The record establishes that the defendant's initial outburst to the detective upon his arrest that he was "glad it was all over" was a spontaneous statement and was not elicited by interrogation or by "police conduct which should reasonably have been anticipated to evoke a declaration from the defendant" *(People v Lynes,* 49 NY2d 286, 295; *see also, People v Ferro,* 63 NY2d 316, *cert denied* 472 US 1007; *People v Suarez,* 140 AD2d 558). Furthermore, the hearing court's finding that the remainder of the defendant's statements were made after he had been fully advised of and had knowingly and voluntarily waived his *Miranda* rights is supported by the credible evidence and, therefore, should not be disturbed *(see, People v Barksdale,* 140 AD2d 531; *People v Armstead,* 98 AD2d 726).

Finally, the defendant's claim that the hearing court improperly denied his motion for a separate trial was waived by entry of his guilty plea *(see, People v Thomas,* 74 AD2d 317, *affd* 53 NY2d 338; *People v Smith,* 41 AD2d 893). Lawrence, J. P., Weinstein, Spatt and Balletta, JJ., concur.