■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR ALEXANDER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered August 8, 1988, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress a statement made by him in the presence of the police.

Ordered that the judgment is affirmed.

The defendant's challenge to the denial of that branch of his omnibus motion which was to suppress an inculpatory statement made by him in the presence of the police is without merit. Contrary to the defendant's contention, we find that the hearing court properly determined that the statement was spontaneous and not in response to any custodial interrogation (see, People v Jackson, 162 AD2d 715; People v Ondrizek, 141 AD2d 770; People v Suarez, 140 AD2d 558). The fact that the statement, which was directed to his codefendant, was made immediately after the codefendant was brought into the interview room for the taking of her pedigree information and a police officer remarked that the codefendant was the woman involved in the "buy operation," does not foreclose the finding of spontaneity. The act of bringing the codefendant into the interview room, and the remark of the officer with respect to the codefendant, who had been arrested with the defendant, "could not reasonably be construed as one likely to elicit an incriminating response from defendant" (People v Bonacorsa, 115 AD2d 546, 547). This case is clearly distinguishable from People v Ferro (63 NY2d 316, 323-324, cert denied 472 US 1007), wherein "the only possible object of the police action in revealing evidence to [the] defendant [was] to elicit a statement from him".

We do agree with the defendant that the trial court's instruction to the jury on the issue of flight was not warranted. Specifically, the evidence presented at the Parker hearing (People v Parker, 57 NY2d 136), which we note was sufficient to support the trial court's determination to conduct the trial in absentia, and which evidence was subsequently presented to the jury, did not provide the jury with more than an opportunity for mere " 'conjecture and speculation' " (United States v Sanchez, 790 F2d 245, 252, cert denied 479 US 989, quoting from United States v Myers, 550 F2d 1036, 1050). Therefore, the trial court should have instructed the jury, as requested by defense counsel, that it was not to speculate on

the reasons for the defendant's absence nor was it to draw any inferences from the fact that the defendant was not present (see, 1 CJI[NY] 4.22, at 166; see also, People v Morales, 84 AD2d 522; People v Reyes, 72 AD2d 512). However, we find that the improper flight instruction was harmless error in light of the overwhelming evidence of the defendant's guilt. An undercover police officer, who was a trained observer, had ample opportunity to view the defendant, who sold him two vials of cocaine for $20 of prerecorded money. Further, another undercover police officer witnessed the transaction, and the arresting officer saw the defendant drop a $20 bill, which was later identified as the prerecorded money. Further, the defendant's spontaneous statement made in the presence of the police confirmed his participation in the sale.

We find no basis to modify the sentence (see, People v Suitte, 90 AD2d 80). Thompson, J. P., Lawrence, Harwood and Balletta, JJ., concur.