■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROGER HEMAN, Appellant. [605 NYS2d 913] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered November 2, 1990, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's argument that his right to a speedy trial was violated was waived by his failure to move to dismiss the indictment prior to the commencement of trial *(see,* CPL 210.20 [1]; *People v Lawrence,* 64 NY2d 200, 203). Likewise, the defendant's contention that there was legally insufficient evidence to support the indictment is waived because he failed to make the motion before trial *(see,* CPL 210.20 [2]; 255.20; *People v Iannone,* 45 NY2d 589). In any event, the defendant's claim is not reviewable because the judgment of conviction is supported by legally sufficient trial evidence *(see,* CPL 210.30 [6]).

The defendant also contends that the trial court erred in continuing the trial in the defendant's absence. This argument is without merit. The defendant absented himself after a full day of prosecution testimony had been received at trial. This clearly indicated that the defendant voluntarily forfeited his right to be present *(see, People v Sanchez,* 65 NY2d 436, 443-444).

We do agree with the defendant that, under the circumstances of this case, the trial court's charge to the jury on the issue of flight from the trial was not warranted. Although the evidence presented to the jury was sufficient to warrant the trial court's decision to continue the trial in absentia, it was not sufficient to establish " 'an adequate factual predicate' suggesting the occurrence of flight" *(United States v Sanchez,* 790 F2d 245, 252, *cert denied* 479 US 989, quoting from *United States v Grandmont,* 680 F2d 867, 869). Therefore, the trial court's charge that the jury may infer a "consciousness of guilt" from the defendant's absence was improper *(see, People v Morales,* 84 AD2d 522; *People v Reyes,* 72 AD2d 512). However, we find that the error was harmless in view of the overwhelming evidence of the defendant's guilt. Rosenblatt, J. P., Ritter, Copertino and Pizzuto, JJ., concur.