

NUMBER 13-13-00547-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JORGE GARCIA,                                                                    Appellant,

v.

THE STATE OF TEXAS,                                                             Appellee.

### On appeal from the 138th District Court
### of Cameron County, Texas.

# MEMORANDUM OPINION

### Before Justices Benavides, Perkes, and Longoria
### Memorandum Opinion by Justice Longoria

By two issues, appellant Jorge Garcia challenges his eight-year sentence for aggravated sexual assault of a child, a first-degree felony. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(iii) (West, Westlaw through 2013 3d C.S.). We affirm.

## I. BACKGROUND

In April of 1998, the State charged appellant by indictment with aggravated sexual assault of a minor under the age of fourteen. *See id.* Appellant entered an open plea of guilty and judicially confessed. The trial court judge accepted the plea and both parties agreed that the issue of punishment would be submitted to a jury. A jury was empaneled and sworn the same day and was scheduled to start hearing arguments the following morning.

Appellant did not appear for the punishment trial the next morning. The trial court judge denied appellant's trial counsel's request for a continuance on the grounds of appellant's absence and proceeded with the punishment trial. The jury assessed punishment at eight years in the Texas Department of Criminal Justice—Institutional Division and no fine. The trial court entered a judgment of conviction *in absentia* and issued a capias for appellant's arrest.

In the summer of 2013, appellant contacted the Cameron County District Attorney's Office in an effort to resolve this case. On September 17, 2013, the trial court judge had appellant brought before the court, formally imposed the jury's sentence, and certified appellant's right of appeal.

## II. CONTINUING THE PUNISHMENT TRIAL

By his first issue, appellant argues that the original[1] trial judge violated his right to be present by deciding to continue the punishment trial without first making a specific finding that he was voluntarily absent.

---

[1] The Honorable Robert Garza, Judge of the 138th District Court of Cameron County, Texas, presided over the punishment trial. His successor as district judge, the Honorable Arturo C. Nelson, imposed the sentence.

### A. Applicable Law and Standard of Review

A criminal defendant has a right under the state and federal constitutions to be present during all phases of the trial. *Miller v. State*, 692 S.W.2d 88, 90 (Tex. Crim. App. 1985) (en banc) (citing *Taylor v. United States*, 414 U.S. 17, 20 (1973) (per curiam)). Article 33.03 of the Texas Code of Criminal Procedure provides that when a case is to be tried to a jury, the defendant must be present until the jury had been empaneled and sworn.[2] TEX. CODE CRIM. PROC. ANN. art. 33.03 (West, Westlaw through 2013 3d C.S.). However, the defendant can forfeit his right to be present by voluntarily absenting himself after the jury is sworn. *Miller*, 692 S.W.2d at 90; *see Ashley v. State*, 404 S.W.3d 672, 681 (Tex. App.—El Paso 2013, no pet.) (observing that "the right to be present until the selection of the jury cannot be waived," but that it does not violate the defendant's rights to proceed with the trial if the defendant voluntarily absents himself after the jury is selected).

We review the trial court's determination that a defendant is voluntarily absent for abuse of discretion. *Papakostas v. State*, 145 S.W.3d 723, 725 n.2 (Tex. App.—Corpus Christi 2004, no pet.) (citing *Moore v. State*, 670 S.W.2d 259, 261 (Tex. Crim. App. 1984) (en banc)). In most cases, appellate courts must determine from hindsight the validity of the trial court's voluntariness determination. *Hudson v. State*, 128 S.W.3d 367, 375 (Tex. App.—Texarkana 2004, no pet.). In this review, courts are not limited only to the record

---

[2] Article 33.03 of the Texas Code of Criminal Procedure provides in relevant part:

> In all prosecutions for felonies, the defendant must be personally present at the trial, and he must likewise be present in all cases of misdemeanor when the punishment or any part thereof is imprisonment in jail; provided, however, that in all cases, when the defendant voluntarily absents himself after pleading to the indictment or information, or after the jury has been selected when trial is before a jury, the trial may proceed to its conclusion.

TEX. CODE CRIM. PROC. ANN. art. 33.03 (West, Westlaw through 2013 3d C.S.).

before the trial court at the time of its ruling. *Moore*, 670 S.W.2d at 261. As long as there is "some evidence" supporting the trial court's determination, we will not disturb the ruling absent evidence from the defendant showing that his absence was involuntary. *Id.*; *Hudson*, 128 S.W.3d at 375–76.

## B. Discussion

Appellant argues that the trial court erred because it did not make a formal finding that he was voluntarily absent. However, the trial court denied appellant's counsel's motion for continuance and opted to proceed with the trial, impliedly finding that appellant's absence was voluntary.[3] *See Heard v. State*, 887 S.W.2d 94, 99 (Tex. App.—Texarkana 1994, pet. ref'd) (reviewing the denial of a motion for continuance on the grounds of the defendant's absence as a determination that the defendant was voluntarily absent). Appellant cites several cases from jurisdictions outside of our State, but he has not briefed any Texas case law requiring the trial court to make an express finding that a defendant's absence from trial was voluntary, and we have found none. Further, appellant does not assert that his absence from the punishment hearing was involuntary. Accordingly, we overrule appellant's first issue.

### III. JURY INSTRUCTION ON ABSENCE

By his second issue, appellant asserts that the trial court erred by not instructing the jury that it should draw no adverse inferences from his absence. As support, appellant cites to this Court's observation in *Vasquez v. State* that a jury may not infer guilt from a

---

[3] Appellant did not request a reporter's record in this case. *See* TEX. R. APP. P. 34.6(b) (providing that it is the responsibility of the appellant to request the reporter's record). However, we note that there is no information in the briefs or the clerk's record regarding the status of the court reporter's notes or whether a record was ever generated in this case. A court reporter has a statutory duty to preserve notes on request, but only for three years. TEX. GOV'T CODE ANN. § 52.046(a)(4) (West, Westlaw through 2013 3d C.S.).

4

defendant's voluntary absence. 680 S.W.2d 626, 628 (Tex. App.—Corpus Christi 1984, no pet.). However, this Court made that observation in the context of considering a separate question: whether a voluntarily-absent defendant was entitled to an instruction at both phases of the trial against drawing negative inferences from his failure to testify. *Id.* at 629. This Court concluded that the defendant in that case was entitled to an instruction at both phases of the trial and reversed and remanded. *Id.* In this case, the trial court judge complied with *Vasquez* and admonished the jury against drawing a negative inference from appellant's failure to testify. *See id.* Appellant has identified no Texas case law requiring a separate jury instruction against drawing a negative inference from the defendant's voluntary absence, and we decline to create a requirement for one here. We accordingly overrule appellant's second issue.

## IV. CONCLUSION

We affirm the judgment of the trial court.


NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
18th day of December, 2014.

5