ACCEPTED
01-15-00636-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
12/31/2015 1:01:21 PM
CHRISTOPHER PRINE
CLERK

## No. 01-15-00636-CR

In the
**Court of Appeals for the First District of Texas**
At Houston

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
12/31/2015 1:01:21 PM
CHRISTOPHER A. PRINE
Clerk

———————◆———————

## No. 1409330
In the 232nd District Court
Of Harris County, Texas

———————◆———————

# IRVIN NOTIAS
*Appellant*
V.
# THE STATE OF TEXAS
*Appellee*

———————◆———————

STATE'S APPELLATE BRIEF

———————◆———————

**DEVON ANDERSON**
District Attorney
Harris County, Texas

**AIMEE BOLLETINO**
Assistant District Attorney
Harris County, Texas

**HEATHER A. HUDSON**
Assistant District Attorney
Harris County, Texas
State Bar No. 24058991
1201 Franklin, Suite 600
Houston, Texas 77002
Tel.: 713/274-5826

ORAL ARGUMENT NOT REQUESTED

# IDENTIFICATION OF THE PARTIES

Pursuant to Texas Rule of Appellate Procedure 38.2(a)(1)(A), a complete list of the names of all interested parties is provided below.

**COUNSEL FOR THE STATE:**

Ms. Devon Anderson — District Attorney

Ms. Aimee Bolletino — Assistant District Attorney at trial

Ms. Heather A. Hudson — Assistant District Attorney on appeal

**APPELLANT:**

Irvin Notias

**COUNSEL FOR APPELLANT:**

Mr. Tom Lewis — Counsel at trial

Mr. Michael E. Trent — Counsel at sentencing

Mr. Joseph W. Varela — Counsel on appeal

**PRESIDING JUDGE:**

Hon. Mary Lou Keel

## STATEMENT REGARDING ORAL ARGUMENT

The State believes the briefs in this case adequately apprise this Court of the issues and the law, and any marginal benefit from oral argument does not justify the considerable amount of time that preparation for oral argument requires of the parties and the Court. Therefore, the State does not request oral argument.

## TABLE OF CONTENTS

IDENTIFICATION OF THE PARTIES ....................................................................i

STATEMENT REGARDING ORAL ARGUMENT................................................ ii

INDEX OF AUTHORITIES................................................................................ iii

STATEMENT OF THE CASE.................................................................................1

STATEMENT OF FACTS .......................................................................................1

SUMMARY OF THE ARGUMENT .......................................................................4

REPLY TO APPELLANT'S FIRST POINT OF ERROR........................................5

    The trial court did not err in refusing to instruct the jury not to draw adverse inferences from appellant's failure to appear at trial. .........................................5

    I.    Relevant facts. ...................................................................................5

    II.    The trial court was not legally required to instruct the jury that it could not infer guilt from appellant's voluntary absence from trial...........7

REPLY TO APPELLANT'S SECOND POINT OF ERROR....................................9

    Appellant has not established that trial counsel was ineffective for failing to challenge a venire member who expressed a lack of impartiality. ......................9

I.  Standard of review and applicable law. ..................................................10

II. The record is not sufficiently developed to show that trial counsel's failure to challenge a venire member was not based on sound trial strategy. ..................................................12

CONCLUSION AND PRAYER ..................................................14

CERTIFICATE OF COMPLIANCE ..................................................14

CERTIFICATE OF SERVICE ..................................................15

## INDEX OF AUTHORITIES

**CASES**

*Aldaba v. State*,
   382 S.W.3d 424 (Tex. App.--Houston [14th Dist.] 2009, pet. ref'd) ...................11

*Bone v. State*,
   77 S.W.3d 828 (Tex. Crim. App. 2002) ..................................................11

*Cantrell v. State*,
   731 S.W.2d 84 (Tex. Crim. App. 1987) ..................................................8

*Delrio v. State*,
   840 S.W.2d 443 (Tex. Crim. App. 1992) ................................................ 12, 13

*Ex parte Welborn*,
   785 S.W.2d 391 (Tex. Crim. App. 1990) ..................................................11, 12

*Garcia v. State*,
   57 S.W.3d 436 (Tex. Crim. App. 2001) ..................................................12

*Garcia v. State*,
   No. 13-13-00547-CR, 2014 WL 7205263 (Tex. App.--Corpus Christi-Edinburg Dec. 18, 2014, pet. ref'd) (not designated for publication) ...................8

*George v. State*,
   446 S.W.3d 490 (Tex. App.--Houston [1st Dist.] 2014, pet. ref'd) ......................9

*Hernandez v. State*,
　726 S.W.2d 53 (Tex. Crim. App. 1986).................................................................11

*Jackson v. State*,
　877 S.W.2d 768 (Tex. Crim. App. 1994)..............................................................13

*Lee v. State*,
　176 S.W.3d 452 (Tex. App.--Houston [1st Dist.] 2004), *aff'd*, 206 S.W.3d
　620 (Tex. Crim. App. 2006) .................................................................................8

*Moore v. State*,
　694 S.W.2d 528 (Tex. Crim. App. 1985)..............................................................11

*Robertson v. State*,
　187 S.W.3d 475 (Tex. Crim. App. 2006)..........................................................11, 12

*Rodriguez v. State*,
　No. 04-00-00770-CR, 2002 WL 1022589 (Tex. App.--San Antonio May
　22, 2002)..............................................................................................................9

*Smith v. State*,
　286 S.W.3d 333 (Tex. Crim. App. 2009)..............................................................10

*Strickland v. Washington*,
　466 U.S. 668 (1984) ............................................................................................10

*Thompson v. State*,
　9 S.W.3d 808 (Tex. Crim. App. 1999)..................................................................11

*Vasquez v. State*,
　680 S.W.2d 626 (Tex. App.--Corpus Christi 1984, no pet.).................................7

**TO THE HONORABLE COURT OF APPEALS:**

## STATEMENT OF THE CASE

Appellant was indicted on a charge of aggravated robbery with a deadly weapon, enhanced by an allegation that he had previously been convicted of aggravated assault with a deadly weapon. (C.R. 10). Appellant proceeded to a trial by jury. During the guilt-innocence phase of trial, appellant voluntarily absented himself and the trial proceeded *in absentia*. (3 R.R. 145-46). The jury convicted appellant of the charged offense and found the enhancement allegation to be true. (C.R. 79, 122-23). Appellant was sentenced to 40 years in the Institutional Division of the Texas Department of Criminal Justice. *Id*. Appellant filed a timely written notice of appeal, giving rise to the instant matter. (C.R. 127-28).

————————◆————————

## STATEMENT OF FACTS

On the morning of November 21, 2013, Tammy Hawkins and her fiancé Jermaine Ward were at home having breakfast and getting ready for work when their home was invaded by appellant and three other masked intruders. (3 R.R.

17). Ward was standing at the kitchen counter and Hawkins was in the bedroom at the back of the house when they heard a loud noise. (3 R.R. 18, 48). Ward turned around to see four armed men wearing bandanas over their faces bursting through the glass door leading from the garage into the kitchen. (3 R.R. 49-50, 54, 58). The men pointed their guns in Ward's face and threatened to kill him unless he laid down on the floor. (3 R.R. 50-51). Ward complied and told the men that nobody else was at home. (3 R.R. 52). Appellant began running around the house and searched through a closet while the other men stood guard. (3 R.R. 57).

Meanwhile, Hawkins heard the commotion in the kitchen and emerged from the bedroom. (3 R.R. 19). She peeked around the corner and saw Ward "huddled down" on the kitchen floor. (3 R.R. 22-23). Hawkins retreated into the bedroom, closed and locked the bedroom door, and turned off the lights. (3 R.R. 23-24). She grabbed her puppy, her handgun, and the telephone, and hid inside the closet. (3 R.R. 24, 26). She dialed 911 and reported the home invasion. (3 R.R. 24). Hawkins remained on the line with the 911 dispatcher for about five minutes before she hung up. (3 R.R. 25). She heard one of the intruders kick open the bedroom door and say that they would kill Ward unless she came out. (3 R.R. 27). The 911 dispatcher called Hawkins back and the caller identification system which appeared on the television screen in the living room showed that the incoming call was from "Harris County 911." (3 R.R. 29, 60). Hawkins heard the intruder in her

2

bedroom say "the B done called the laws," and the four suspects fled the home with Hawkins' purse. (3 R.R. 30, 60, 71).

Ward ran to the bedroom to check on Hawkins. (3 R.R. 62). Then he grabbed the pistol and ran outside. *Id.* He saw an Explorer pull out of his driveway and speed around the corner at the same moment that a police vehicle was driving up the street. *Id.* The police vehicle began pursuing the Explorer. (3 R.R. 66).

Ward saw that one of the suspects had been left behind and was fleeing on foot. (3 R.R. 62). Ward got into his truck and chased the suspect to the corner where the suspect ran into a backyard and attempted to hide in the bushes. (3 R.R. 66). Ward testified that he exchanged gunfire with the suspect. (3 R.R. 66).

Deputy Mark White was in pursuit of the Explorer when he observed Ward engaging in gunfire with one of the suspects. (3 R.R. 96). White also saw two male suspects exit the vehicle and flee on foot in different directions. (3 R.R. 96-97). White lost sight of the Explorer, and he requested additional police assistance and K-9 units. (3 R.R. 96, 100). A perimeter was established and the police conducted a search of backyards in the neighborhood. (3 R.R. 101). A canine alerted on appellant hiding in the bushes and dragged him out. (3 R.R. 109-11, 124). Ward made an on-scene identification of appellant as one of the suspects involved in the aggravated robbery. (3 R.R. 113).

3

———————◆———————

## SUMMARY OF THE ARGUMENT

*Point of Error No. One:* The trial court did not commit reversible error by refusing to submit an instruction that the jury could not infer guilt from appellant's voluntary absence. There is no binding legal authority requiring such an instruction. Moreover, such an instruction is not warranted where the record contains evidence of flight.

*Point of Error No. Two:* Appellant has not established by a preponderance of the evidence that trial counsel was ineffective for failing to object to a prospective juror who voiced an inability to be impartial if the defendant did not testify. The record is silent as to trial counsel's reasons for failing to challenge the prospective juror; therefore, appellant has not overcome the strong presumption that counsel's actions were based on reasonably sound trial strategy.

4

———————◆———————

## REPLY TO APPELLANT'S FIRST POINT OF ERROR

*The trial court did not err in refusing to instruct the jury not to draw adverse inferences from appellant's failure to appear at trial.*

In his first point of error, appellant contends that the trial court committed reversible error by refusing to instruct the jury that it could not consider appellant's voluntary absence from trial as evidence of guilt.

### I. Relevant facts.

The record reflects that a lunch recess was taken during the guilt-innocence stage of trial on June 30, 2015, and the trial court instructed everyone to return at 2:00 that afternoon. (3 R.R. 144). Appellant failed to return to court at the designated time. (3 R.R. 145). Appellant's trial attorney advised the trial court that he had also instructed appellant to return to court at 2:00. (3 R.R. 146). Appellant's trial counsel further indicated that he had attempted to call appellant twice, but had been unable to contact him. (3 R.R. 146). The trial court waited until 2:15 before finding that appellant had voluntarily absented himself from trial. The trial court decided to proceed *in absentia*[1] and notified the jury:

—————————————

[1] Texas Code of Criminal Procedure article 33.03 provides that:

5

Ladies and Gentlemen the Defendant's not present in the courtroom. He's not returned from the lunch break and under Texas law the trial can proceed without him. And so I'm not willing to keep you waiting any longer so we're going to go ahead and proceed in the absence of the Defendant. (3 R.R. 146).

The trial court issued a capias for appellant's arrest. (C.R. 453). The record reflects that appellant did not return during the remainder of the trial. (4 R.R. 12). At the punishment phase of trial the State presented evidence that appellant was out of jail on a $50,000 bail bond, and that he was required to appear for all court settings. *See* (6 R.R. PX 1, 2). The trial court denied defense counsel's request for a jury charge instruction that appellant's absence should not be considered as evidence of guilt. (3 R.R. 160).

On June 30, 2015, appellant was convicted of the charged offense. (C.R. 122-23). On July 1, 2015, the jury sentenced appellant *in absentia* to 40 years confinement in the Institutional Division of the Texas Department of Criminal Justice. (C.R. 79). Appellant did not reappear in court until July 14, 2015, at which time he was formally sentenced. (5 R.R. 3).[2]

---

In all prosecutions for felonies, the defendant must be personally present at the trial, and he must likewise be present in all cases of misdemeanor when the punishment or any part thereof is imprisonment in jail; provided, however, that in all cases, when the defendant voluntarily absents himself after pleading to the indictment or information, or after the jury has been selected when trial is before a jury, the trial may proceed to its conclusion.

[2]Appellant did not offer an explanation for his absence from trial at the sentencing hearing.

6

*II. The trial court was not legally required to instruct the jury that it could not infer guilt from appellant's voluntary absence from trial.*

Appellant fails to provide binding legal authority requiring a trial court to submit a jury charge instruction that the jury may not consider a defendant's voluntary absence from trial as evidence of guilt. Appellant cites to a single Texas case, *Vasquez v. State*, 680 S.W.2d 626 (Tex. App.--Corpus Christi 1984, no pet.), as support for his contention that such an instruction should have been included in the charge. However, appellant mischaracterizes the nature of the holding in *Vasquez*, which addresses the propriety of the trial court's failure to charge the jury that it could not consider the defendant's failure to testify. In *Vasquez*, the defendant voluntarily absented himself from trial and the case was tried in his absence. The trial court denied defense counsel's requests at the guilt-innocence and punishment stages of trial to instruct the jury not to consider the defendant's failure to testify. The trial court also denied counsel's request to instruct the jury not to consider the absence of the defendant during punishment deliberations.

The reviewing court held that, despite the defendant's voluntary absence from trial, he was entitled to an instruction on his failure to testify. *Id*. at 628-29. In reaching this conclusion, the reviewing court observed that "the jury may not infer guilt on account of a defendant's voluntary absence." *Id*. at 628. Appellant interprets this comment to mean that a trial court must instruct the jury not to draw adverse inferences from a defendant's absence. However, in a subsequent opinion,

7

the appellate court clarified that its observation in *Vasquez* was made only "in the context of considering a separate question: whether a voluntarily-absent defendant was entitled to an instruction at both phases of the trial against drawing negative inferences from his failure to testify." *See Garcia v. State*, No. 13-13-00547-CR, 2014 WL 7205263, *2 (Tex. App.--Corpus Christi-Edinburg Dec. 18, 2014, pet. ref'd) (not designated for publication). The appellate court noted the absence of Texas case law requiring the trial court to instruct the jury that it may not draw adverse inferences from the defendant's voluntary absence, and declined to create such a requirement. *Id*. Accordingly, appellant's reliance upon *Vasquez* is misplaced.

Moreover, appellant was not entitled to the requested instruction because his failure to appear properly raised an inference of guilt. Evidence of flight, in the context of bail-jumping, is generally admissible as a circumstance from which an inference of guilt may be drawn. *See Cantrell v. State*, 731 S.W.2d 84, 93 (Tex. Crim. App. 1987); *Lee v. State*, 176 S.W.3d 452, 462 (Tex. App.--Houston [1st Dist.] 2004), *aff'd*, 206 S.W.3d 620 (Tex. Crim. App. 2006). In this case, the record reflects that appellant was out of jail on a bail bond when he failed to return to court, as instructed by the trial judge and his attorney, and no explanation was offered for his failure to appear. Accordingly, the jury should have been permitted to draw adverse inferences from appellant's absence. *See*, *e.g.*, *Rodriguez v. State*,

No. 04-00-00770-CR, 2002 WL 1022589, *2 (Tex. App.--San Antonio May 22, 2002) (not designated for publication) (holding that the trial court did not err in refusing to instruct the jury not to infer guilt from the defendant's absence where the defendant, who was out on bond, failed to return to court following a lunch break during his trial, and offered no explanation for his disappearance).

Furthermore, the trial court's failure to give the requested instruction does not result in reversible error. A defendant may not "create reversible error by his own manipulation." *See George v. State*, 446 S.W.3d 490, 503 (Tex. App.--Houston [1st Dist.] 2014, pet. ref'd) (holding that the trial court did not err in denying the defendant's request for an instruction to disregard his absence from the courtroom after he had been removed for disruptive behavior). By failing to return to court, appellant was responsible for creating the circumstance which raised an adverse inference of guilt. As such, the trial court did not err in refusing to submit the requested instruction and appellant's first point of error should be overruled.

————————◆————————

## REPLY TO APPELLANT'S SECOND POINT OF ERROR

*Appellant has not established that trial counsel was ineffective for failing to challenge a venire member who expressed a lack of impartiality.*

In his second point of error, appellant contends that trial counsel's performance was deficient because he failed to strike a venire member who voiced

9

an inability to follow the law.  During voir dire, the venire member indicated that

she would hold appellant's failure to testify against him:

MR. LEWIS:  The law says he has a right not to testify and if a person is on trial and does not testify you cannot hold that against him.  You cannot consider that for any purpose.

. . . .

Juror No. 2 what do you think?

THE JUROR:  I don't think I'd be able to.

MR. LEWIS:  Is that a yes or no?

THE COURT:  I can't hear you.

THE JUROR:  No.

THE COURT:  I didn't hear the question so - -

MR. LEWIS:  Question is can you follow the law and not consider a decision to testify, not hold that against the person on trial.

THE JUROR:  I would want to hear them testify.  (2 R.R. 80-81).

Appellant's trial counsel did not challenge the venire member, and the venire

member was eventually selected to be on the jury panel.  (C.R. 60).

### I.   *Standard of review and applicable law.*

Allegations of ineffective assistance of counsel are reviewed under the two-

pronged test set forth by the United States Supreme Court in *Strickland v.*

*Washington*, 466 U.S. 668 (1984).  To establish ineffective assistance of counsel,

10

an appellant must show: (1) his attorney's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for his attorney's errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 687; *Hernandez v. State*, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986). A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

The appellant bears the burden to prove a claim of ineffective assistance of counsel by a preponderance of the evidence. *Moore v. State*, 694 S.W.2d 528, 531 (Tex. Crim. App. 1985). "Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). When, as here, the record has not been developed at a motion-for-new-trial hearing, "it is extremely difficult to show that trial counsel's performance was deficient." *Aldaba v. State*, 382 S.W.3d 424, 431 (Tex. App.--Houston [14th Dist.] 2009, pet. ref'd) (citing *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002)). In addition, judicial review of counsel's representation must be highly deferential. *Ex parte Welborn*, 785 S.W.2d 391, 393 (Tex. Crim. App. 1990) (citing *Strickland*, 466 U.S. at 689). An appellant must overcome the presumption that counsel's actions and decisions were reasonably professional and motivated by sound trial strategy. *Strickland*, 466 U.S. at 689; *see Robertson v. State*, 187

S.W.3d 475, 483 (Tex. Crim. App. 2006). A reviewing court "will assume a strategic motivation if any can possibly be imagined, and will not conclude the challenged conduct constituted deficient performance unless the conduct was so outrageous that no competent attorney would have engaged in it." *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001). Counsel's performance is judged by the "totality of the representation" rather than isolated instances of error. *Robertson*, 187 S.W.3d at 483; *Welborn*, 785 S.W.2d at 393 (citing *Strickland*, 466 U.S. at 689).

II. *The record is not sufficiently developed to show that trial counsel's failure to challenge a venire member was not based on sound trial strategy.*

The record in this case is silent as to the reason for trial counsel's failure to challenge the venire member. Appellant contends that there is no scenario under which trial counsel's omission could be deemed sound trial strategy. *See* (Appellant's Brief p. 26). However, the Court of Criminal Appeals has declined to conclude that the failure to challenge a venire member who is incapable of serving in an impartial manner can never be justified by legitimate trial strategy. *See Delrio v. State*, 840 S.W.2d 443, 446 (Tex. Crim. App. 1992) (speculating that defense counsel's failure to challenge a venire member who expressed an inability to be impartial may have been motivated by a potentially sound trial strategy).

In this case, it is possible that defense counsel did not find it necessary to object to the prospective juror because he intended to present testimony from appellant, and had not anticipated that appellant would disappear midway through the trial. In any event, there is no need to speculate about potential trial strategies that defense counsel may have been pursuing because the record is insufficient to overcome the presumption that counsel provided reasonably effective assistance. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). In *Jackson*, a venire member expressed an inability to be impartial and defense counsel failed to challenge the venire member for cause or use a peremptory strike. *Id*. at 769. The Court of Criminal Appeals could not find that counsel's performance was deficient because the record was silent as to counsel's reasons for not challenging the venire member and it was unnecessary to speculate as to those reasons. *Id*. at 771. The Court held that when the record does not reflect counsel's reasoning for failing to strike a venire member, the reviewing court "must presume that counsel is better positioned than the appellate court to judge the pragmatism of the particular case, and that he 'made all significant decisions in the exercise of reasonable professional judgment.'" *Id*. (quoting *Delrio*, 840 S.W.2d at 447).

Accordingly, appellant has not met his burden to prove by a preponderance of the evidence that trial counsel's representation fell below an objective standard of reasonableness, and his second point of error should be overruled.

13

———————◆———————

## CONCLUSION AND PRAYER

It is respectfully submitted that all things are regular and the judgment of conviction should be affirmed.

**DEVON ANDERSON**
District Attorney
Harris County, Texas


/s/ Heather A. Hudson
**HEATHER A. HUDSON**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas  77002
(713) 274-5826
State Bar No. 24058991
hudson_heather@dao.hctx.net
curry_alan@dao.hctx.net

## CERTIFICATE OF COMPLIANCE

The undersigned attorney certifies that this computer-generated document has a word count of 3,035 words, based upon the representation provided by the word processing program that was used to create the document.

/s/ Heather A. Hudson
**HEATHER A. HUDSON**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600

14

Houston, Texas 77002
(713) 274-5826
State Bar No. 24058991

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing instrument has been

submitted for service by e-filing to the following address:

Joseph W. Varela
Suite 247
2500 East TC Jester Blvd.
Houston, Texas 77008
Tel: (713) 957-0440
jwvarela@gmail.com

/s/ Heather A. Hudson
**HEATHER A. HUDSON**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
(713) 274-5826
State Bar No. 24058991

Date: 12/31/2015

15